## WILLIAM ELLIS *versus* CHARLES M. SHORT *et al.*

The admission of irrelevant evidence is not a sufficient ground for setting aside a verdict, where there is no reason to apprehend that it could have had any improper influence upon the jury·; but if it had a tendency to prejudice their minds, it may induce the Court, in the exercise of their discretion, to grant a new trial.

Thus, where, in an action of assault and battery, the defendants, in order to excuse violence used by them in arresting the plaintiff while he was in a state of intoxication, offered evidence, for the purpose of showing· that ardent spirits had a specific and peculiar effect upon the plaintiff, increasing his power and making him furious and unmanageable, that more than a year after the alleged assault, the plaintiff, while intoxicated, threw stones at several persons, resisted the officers who arrested him, and otherwise exerted great power and fury, it was *held*, that this evidence was irrelevant ; and that the admission of it was a sufficient reason for granting a new trial.

THIS was an action of trespass, for an assault and battery, and false imprisonment.

The defendants, five in number, severally pleaded not guilty, and filed a specification of their defence, in which they join in a justification of the alleged assault &c., averring that

the plaintiff, at the time when &c., was intoxicated and noisy, disturbing the public peace, and creating a riot, and the defendants, as constables and watchmen of the city of Lowell, arrested and confined him in the watch-house, in discharge of their official duty, &c.

On the trial the plaintiff proved, that he was wounded, bruised, and seriously injured by the defendants in arresting and committing him to the watch-house. He introduced several witnesses to prove that since the injury complained of and in consequence of it, he had been more irascible and more easily affected by liquor than before.

For the purpose of showing that ardent spirits had a specific and peculiar effect upon the plaintiff, increasing his physical power, while they deprived him of reason, and made him furious and unmanageable, the defendants offered evidence tending to prove, that in Boston, more than a year after the alleged assault, the plaintiff was intoxicated, and, while in that state, insulted a woman, threw stones at several persons, resisted the officers who arrested him, and otherwise used great power, violence and fury. This was objected to; but the objection was overruled, and the evidence admitted.

The jury returned a verdict for the defendants. If the above evidence was improperly admitted, a new trial was to be granted; otherwise judgment was to be rendered upon the verdict.

*Meriam*, for the plaintiff, cited Russell on Crimes, 703, note, and 695, note *b*; Phillipps on Ev. (6th ed.) 164; *Somes v. Skinner*, 16 Mass. R. 360; *Balcetti v. Serani*, Peake's R. 142; *Viney v. Barss*, 1 Esp. R. 293.

*L. Williams*, *Farley*, *Knowles* and *Locke*, for the defendants, cited *Prince v. Shepard*, 9 Pick. 176; *Miller v. Baker*, 20 Pick. 285.

MORTON J. delivered the opinion of the Court. The objection to the evidence is its irrelevancy. It is a universal principle or axiom, that the evidence which either party produces must be confined to the points in issue. The proof of remote and irrelevant facts, not only unnecessarily consumes the time of the court, but has a tendency to distract the attention and mislead the judgment of the jury. Unless therefore

*[margin: Ellis v. Short.]*

*[margin: Oct. 19th.]*

*[margin: Oct. 20th]*

Ellis
v.
Short.

evidence offered has, directly or indirectly, a legitimate tendency to prove or disprove some material fact in controversy, it should be excluded. 1 Phil. Ev. 138, 158; 1 Stark. Ev. 40; Peake on Ev. 6; Roscoe on Ev. 36.

Proof of the extraordinary bodily strength of the plaintiff was admissible, because it might have a bearing upon the question whether any unnecessary force was used to restrain him. But the evidence of an instance of intoxication, of great personal violence and of outrages committed upon individuals of either sex or upon civil officers, at another and distant time, was clearly irrelevant and inadmissible.

The commission of one crime or trespass has no legal tendency to prove the party guilty of another, committed at a different time and place. Russell on Crimes, 695, note; *Furneaux* v. *Hutchins*, Cowper, 807; 2 Starkie on Evid. 381. Nor does the fact that a fit of intoxication produced certain effects at one time, raise a legal inference that a prior fit had produced similar effects. *Bradford* v. *Boylston F. and M. Ins. Co.* 11 Pick. 165; *Carter* v. *Pryke*, Peake's R. 95.

It is not easy, in the progress of a trial, before all the points of attack and defence have been fully developed, to ascertain what particular facts may have a legitimate bearing upon some of these points. Sometimes too, the inference is so remote and slight, that it is difficult to discern whether it is real or imaginary. And we do not believe that any inadvertent admission of irrelevant evidence, whether it may have affected the verdict or not, ought to be deemed sufficient cause for granting a new trial. See *Aveson* v. *Lord Kinnaird*, 6 East, 197; *Train* v. *Collins*, 2 Pick. 153; *Remington* v. *Congdon*, 2 Pick. 315; *Prince* v. *Shepard*, 9 Pick. 183; *Robbins* v. *Townsend*, 20 Pick. 351. But this is a discretion which the Court will exercise with caution; and which it will confine to cases where there can be no reason to apprehend that the irrelevant evidence could have had any improper influence upon the jury.

We are not prepared to say that the case at bar comes within this exception Some of the evidence objected to was not only clearly irrelevant, but might have prejudiced the jury against the plaintiff. We therefore find ourselves constrained to grant a new trial. We regret that we find it necessary to

do this; because the action involves no principle of law, is attended with an expense disproportionate to its importance, has been fully and elaborately tried, and been brought to a result, which was entirely satisfactory and which there is very little reason to suppose will be changed on another trial, by the exclusion of the evidence which was improperly admitted.

The English courts and those of some of our sister States, exercise a much broader discretion in relation to the granting of new trials than we do. Their practice is to refuse new trials for the improper admission or rejection of evidence, whenever, in their opinion, such erroneous admission or rejection of evidence, whether material or immaterial, ought not to have affected the verdict, or substantial justice has been done. *Edmondson* v. *Machell*, 2 T. R. 4; *Edwards* v. *Evans*, 3 East, 455; *Cox* v. *Kitchin*, 1 Bos. & Pul. 339; *Horford* v. *Wilson*, 1 Taunt. 12; *Nathan* v. *Buckland*, 2 B. Moore, 155; *Doe* v. *Tyler*, 6 Bingh. 561; *Supervisors of Chenango* v. *Birdsall*, 4 Wendell, 458; *Crary* v. *Sprague*, 12 Wendell, 41; *Jewett* v. *Lincoln*, 14 Maine R. 116; *Polleys* v. *Ocean Ins. Co.* Ibid. 141; *Watson* v. *Lisbon Bridge*, Ibid. 201; *Kelley* v. *Merrill*, Ibid. 228.

This seems to us to trench upon the province of the jury How can the court know how much influence each particular piece of evidence had upon the minds of the jury, or that the illegal evidence was not the weight, however small it may be, which turned the balance, and that without it the opposite scale would not have preponderated? To sustain a verdict, under such circumstances, may be to make a decision contrary to the convictions which the legal evidence would have produced upon the minds of the jury.

The cases of *Boyden* v. *Moore*, 5 Mass. R. 369, *Sargent* v. *Roberts et al.*, 1 Pick. 340, and *Davis* v. *Mason*, 4 Pick. 158, urnish instances of the great vigilance with which this Court watches over the rights of the jury and the scrupulous care which it takes, to leave to their uninfluenced judgments the decision of all questions of fact. See *Dudley* v. *Sumner*, 5 Mass. R. 488.

It is the province of the court to guard tne decisions of the j ıry from the influence of foreign or irrelevant matter and pre-

Ellis
v.
Short.

conceived opinions and prejudices ; and this imposes upon it
the duty, on proper occasions, of giving to the jury an oppor-
tunity to revise its decisions ; but never authorizes it to weigh
the evidence or to determine how they should ultimately decide
upon matters of fact.    When the parties submit a case to our
determination upon a statement of the evidence, we only decide
whether upon such statement it would be competent for a jury
to find for one of the parties, or, in other words, whether if
they found for the other, we would set aside the verdict and
send the case to another jury for revision.    This is the extent
of our discretion in determining questions of fact, and this we
derive from the agreement of the parties.    But even by the
consent and at the request of the parties, we never balance the
evidence, weigh the credibility of witnesses, nor draw infer-
ences from circumstances, so as to determine controverted
questions of fact.    This is the exclusive province of the jury.

*New trial granted.*